DEBORAH YOON JONES (SBN 178127)
ADRIENE PLESCIA LYNCH (SBN 259100)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: 213-576-1000
Facsimile: 213-576-1100
E-Mail: debbie.jones@alston.com
        adriene.lynch@alston.com

Attorneys for Defendant
T-MOBILE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE WILLIAMS, | Case No.: |
| Plaintiff, | **DEFENDANT T-MOBILE USA, INC.'S NOTICE OF REMOVAL** |
| v. | |
| T-MOBILE USA, INC., | |
| Defendant. | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant T-Mobile USA, Inc. ("T-Mobile") hereby notices its removal of the civil action styled *Jeannette Williams v. T-Mobile USA, Inc.,* Case No. CLJ534158 (the "State Court Action"), from the Superior Court of the State of California for the County of San Mateo (the "State Court") to the United States District Court for the Northern District of California. In support of its Notice of Removal, T-Mobile respectfully shows the Court the following:

1.   Plaintiff Jeannette Williams ("Plaintiff") commenced this lawsuit by filing a "Complaint for Violation of Rosenthal Fair Debt Collection Practices Act and Violation of Telephone Consumer Protection Act" (the "Complaint") on June 9, 2015, in the State Court. Plaintiff served T-Mobile with a Summons and a copy of the

Complaint on June 22, 2015 through personal service upon its registered agent for service of process.

2. Plaintiff asserts claims against T-Mobile for alleged violation of the federal Telephone Consumer Protection Act (the "TCPA") (47 U.S.C. § 227) and the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act") (Cal. Civ. Code § 1788). (Compl. ¶ 1).

3. As set forth in more detail below, removal of the State Court Action to this Court is proper because this Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction), and all other requirements of 28 U.S.C. §§ 1441 and 1446 are satisfied.

## FEDERAL QUESTION JURISDICTION

4. Under 28 U.S.C. § 1331, federal courts have original jurisdiction over any civil case "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5. Plaintiff's Complaint falls squarely within this grant of jurisdiction because it includes a claim under the TCPA, a federal statute. (Compl. ¶¶ 1, 19-24). The United States Supreme Court has made clear that federal question jurisdiction exists over claims under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 747 (2012) ("Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits.").

6. Because Plaintiff's TCPA claim arises under the laws of the United States, this Court has original jurisdiction over that claim. 28 U.S.C. § 1331.

## SUPPLEMENTAL JURISDICTION

7. Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

8. Plaintiff's claim for violation of the TCPA is so related to Plaintiff's claim for violation of the Rosenthal Act that it forms part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a). In fact, Plaintiff admits that the two claims are "ancillary" to one another (Compl. ¶ 1) and bases both claims on the exact same factual allegations, namely that T-Mobile contacted Plaintiff's phone in connection with debt collection efforts. (Compl. ¶¶ 4-16).

9. Thus, the Court has supplemental jurisdiction over Plaintiff's Rosenthal Act claim pursuant to 28 U.S.C. § 1367.

10. Accordingly, this case is properly removable under 28 U.S.C. §§ 1331 and 1367.

**ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

11. In addition to the jurisdictional requirements discussed above, 28 U.S.C. §§ 1441 and 1446 also set forth certain procedural requirements with respect to removal. *See* 28 U.S.C. §§ 1441(a), 1446. As set forth below, T-Mobile has satisfied these requirements.

12. Venue is proper in this Court under 28 U.S.C. § 84(a) because the United States District Court for the Northern District of California is the federal judicial district embracing the Superior Court of California, San Mateo County, where the State Court Action was filed.

13. T-Mobile files this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint in the State Court Action. *See* 28 U.S.C. § 1446(b) and Declaration of Adriene Lynch, ¶¶ 2 and 3.

14. In accordance with 28 U.S.C. § 1446(a), T-Mobile attaches as **Exhibit A** to the Declaration of Adriene Lynch a copy of all processes, pleadings, and orders served on T-Mobile in the State Court Action.

15. In accordance with 28 U.S.C. § 1446(d), T-Mobile will serve copies of this Notice of Removal on Plaintiff's counsel and file the same with the State Court clerk.

## INTRADISTRICT ASSIGNMENT

This case is properly assigned to the San Francisco Division or the Oakland Division given that it arose in San Mateo County where a substantial part of the events and/or omissions alleged in the Complaint occurred.

For these reasons, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and removal under 28 U.S.C. §§ 1441 and 1446 is proper.

DATED: July 22, 2015

DEBORAH YOON JONES
ADRIENE PLESCIA LYNCH
**ALSTON & BIRD LLP**

/s/ Deborah Yoon Jones
Deborah Yoon Jones
Attorney for Defendant T-MOBILE USA, INC.

## DECLARATION OF ADRIENE LYNCH

I, Adriene Plescia Lynch, declare:

1. I am an associate at Alston & Bird LLP, attorneys of record for Defendant T-Mobile USA, Inc. ("T-Mobile") in this action. I make this Declaration in support of Defendant T-Mobile USA, Inc.'s Notice of Removal (the "Notice"). I have personal knowledge of the following facts and if called as a witness would and could testify competently thereto. Capitalized terms not defined in this Declaration shall have the meaning ascribed to them in the Notice.

2. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint, Summons and associated documents served on T-Mobile in the State Court Action. **Exhibit A** also includes a copy of the Notice of Service of Process reflecting personal service on T-Mobile on June 22, 2015.

3. I am informed and believe that T-Mobile first received the Complaint when it was served with the Complaint and Summons on or about June 22, 2015.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of July, 2015, at Los Angeles, California.

/s/Adriene Plescia Lynch
Adriene Plescia Lynch

# EXHIBIT A



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

RCS / ALL
Transmittal Number: 13935880
Date Processed: 06/23/2015

| | |
|---|---|
| Primary Contact: | Beth Crowder<br>T-Mobile USA, Inc.<br>12920 SE 38th Street<br>Bellevue, WA 98006 |
| Copy of transmittal only provided to: | Ed Eiker<br>Jerry Bentley |

| | |
|---|---|
| Entity: | T-Mobile USA, Inc.<br>Entity ID Number 1951208 |
| Entity Served: | T-Mobile USA, Inc. |
| Title of Action: | Jeannette Williams vs. T-Mobile USA, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | San Mateo County Superior Court, California |
| Case/Reference No: | CLJ534158 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/22/2015 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Todd M. Friedman<br>877-206-4741 |

Notes: Document appears as it was received, some pages appear random and incomplete

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

COPY

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorney for Plaintiff

**ENDORSED FILED**
SAN MATEO COUNTY

JUN - 9 2015

Clerk of the Superior Court
By  S. YAMBING
       DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN MATEO
LIMITED JURISDICTION

JEANNETTE WILLIAMS,

Plaintiff,

vs.

T-MOBILE USA, INC.,

Defendant.

Case No. CLJ5 3 4 1 5 8

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Telephone Consumer Protection Act

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, Jeannette Williams ("Plaintiff"), is a natural person residing in San Mateo County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, T-Mobile USA, Inc. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5. Defendant began contacting Plaintiff concerning an alleged debt owed, but was looking for her grandson.

6. Defendant placed a barrage of calls to Plaintiff with enough regularity and frequency to constitute harassment under the circumstances.

7. Plaintiff had a case against Defendant in the past, so Defendant should not have contacted her without coming to Plaintiff's counsel first.

8. Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

9. Prior to being contacted via an "automatic telephone dialing system," Plaintiff had revoked any and all consent to be contacted via an "automatic telephone dialing system."

10. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

12. On or around February 19, 2015, Plaintiff informed Defendant that Plaintiff had obtained counsel, and to cease calling.

13. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

14. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2).

15. Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a

paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

16. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;

    B. Statutory damages for willful and negligent violations;

    C. Costs and reasonable attorney's fees;

    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates by reference all of the preceding paragraphs.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

21. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

23. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

24. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages,

Complaint - 5

as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 9th day of June, 2015.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 6

COPY

| | | |
|---|---|---|
| **SUMMONS** **BY FAX** (CITACION JUDICIAL) | | SUM-100 FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) ENDORSED FILED SAN MATEO COUNTY JUN -9 2015 Clerk of the Superior Court By S. YAMBING DEPUTY CLERK |

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
T-Mobile USA, Inc.

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
Jeannette Williams

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es): Superior Court of San Mateo County | (Número del Caso): CIV534158 |

400 County Center
Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| DATE: (Fecha) JUN -9 2015 | Clerk, by (Secretario) | SOCORRO YAMBING , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Jeannette Williams | **COPY**<br>**ENDORSED FILED**<br>**SAN MATEO COUNTY**<br>JUN - 9 2015<br>Clerk of the Superior Court<br>By _S. YAMOING_<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City 94063
BRANCH NAME: Southern Branch: Hall of Justice

CASE NAME:
Jeannette Williams v. T-Mobile USA, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited   ☑ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CLJ534158<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 9, 2015
Todd M. Friedman
(TYPE OR PRINT NAME)                                      ▶ _(signature)_
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use   **CIVIL CASE COVER SHEET**   Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                  Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                      www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: Joseph Hitzman v. Dell Inc. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☑ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.0<br>Page 2 of 4 |
|---|---|---|

16

| SHORT TITLE: Joseph Hitzman v. Dell Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)　　CIVIL CASE COVER SHEET ADDENDUM　　Local Rule 2.0
LASC Approved 03-04　　AND STATEMENT OF LOCATION　　Page 3 of 4

16

  v. Joint Proposed Jury Instructions printed out for the court; and

  vi. Joint Proposed Verdict form(s) printed out for the court.

 12. **FAILURE TO COMPLY WITH ANY REQUIREMENT SET FORTH IN PARAGRAPH 11 ABOVE MAY RESULT IN SANCTIONS OR THE VACATING OF THE TRIAL DATE.** (Los Angeles Superior Court Local Rule 3.37.)

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATE: March 13, 2013

                 Hon. Stephanie Bowick
                 Judge of the Superior Court

32. The above described defects in the computer render the computer unfit for the ordinary and essential purpose for which the computer was intended.

33. As a result of the breaches of implied warranty by Manufacturer, Plaintiff have suffered and continues to suffer various damages.

WHEREFORE, Plaintiff prays for judgment against Manufacturer as follows:

    a. Return of all monies paid or in the alternative applicable damages pursuant to section 2714 of the Commercial Code, and all incidental and consequential damages incurred;

    b. All reasonable attorneys' fees, witness fees and all court costs and other costs;

    c. Such other and further relief that the Court deems just and appropriate.

## COUNT III
## SONG –BEVERLY CONSUMER WARRANTY ACT

34. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-33 of this Complaint.

35. Pursuant to Cal Civ. Code. § 1793.2, Plaintiff has presented the computer to Seller and/or other authorized service dealers of Manufacturer within the term of protection and have tendered the subject computer for the above-mentioned defects that substantially affect the use, value and safety of the computer.

36. Manufacturer, through Seller and/or other authorized dealerships, have been unable to repair said defects in a reasonable number of attempts.

37. Pursuant to Cal Civ. Code. § 1793.2, Plaintiff is entitled to a refund of the full purchase price of the computer, including all collateral charges and finance charges, and/or a replacement computer, plus all attorney fees and costs.

# CERTIFICATE OF SERVICE

I, Heather Thai, certify and declare as follow:

1. I am over the age of 18 and not a party to this action.

2. My business address is 333 South Hope Street, Sixteenth Floor, Los Angeles California 90071.

3. On July 22, 2015, I caused a copy of the **DEFENDANT T-MOBILE USA, INC.'S NOTICE OF REMOVAL** to be served upon the following counsel via United States First Class Mail:

| | |
|---|---|
| Todd M. Friedman, Esq.<br>Suren N. Weerasuriya, Esq.<br>Adrian R. Bacon, Esq.<br>Law Offices of Todd M. Friedman, P.C.<br>324 S. Beverly Dr. #725<br>Beverly Hills, CA 90212 | Attorneys for Plaintiff<br><br>Telephone: (877) 206-4741<br>Facsimile: (866) 633-0228<br><br>tfriedman@attorneysforconsumers.com<br>sweerasuriya@attorneysforconsumers.com<br>abacon@attorneysforconsumers.com |

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct. Executed on the 22nd day of July, 2015, at Los Angeles, California.

*/s/ Heather Thai*
Heather Thai

LEGAL02/35706394v2