UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEANNETTE WILLIAMS,

Plaintiff,

v.

T-MOBILE USA, INC.,

Defendant.

Case No. 15-cv-03384-JSW

**ORDER GRANTING, IN PART, AND RESERVING RULING, IN PART, MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Docket No. 19

Now before the Court for consideration is the motion to dismiss the First Amended Complaint ("FAC"), filed by Defendant, T-Mobile USA, Inc. ("T-Mobile"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for November 13, 2015, and it VACATES the case management conference scheduled for November 13, 2015. For the reasons set forth in this Order, the Court GRANTS the motion to dismiss, in part, and it reserves ruling on the motion, in part.

**BACKGROUND**

On September 1, 2015, Plaintiff, Jeannette Williams ("Williams"), filed the FAC, in which she asserts two claims for relief against T-Mobile: (1) alleged violations of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA Claim"), California Civil Code sections 1788, *et seq.*; and (2) alleged violations of the Telephone Consumer Protection Act ("TCPA Claim"), 47 United States Code sections 227, *et seq.* Williams asserts that the Court has jurisdiction over this action based on the TCPA claim, and she asserts that the Court has supplemental jurisdiction over the RFDCPA Claim. (FAC ¶ 4.)

Williams alleges T-Mobile "began contacting Plaintiff concerning an alleged debt owed,

1  but apparently asking for Plaintiff's grandson as well." (FAC ¶ 6.) Williams also alleges that T-
2  Mobile placed "a barrage of calls" to her "with enough regularity and frequency to constitute
3  harassment under the circumstances[;]" that T-Mobile contacted her although it knew she was
4  represented by counsel; and that "[t]o place the calls at issue [T-Mobile] used an 'automatic
5  telephone dialing system,' as defined by 47 U.S.C. § 227(a)(1)." (*Id.* ¶¶ 7-9; *see also id.* ¶¶ 10,
6  13.)

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

### A. Applicable Legal Standards.

T-Mobile moves to dismiss the TCPA claim for failure to state a claim and moves to dismiss the RCFDPA Claim on the basis that Williams lacks statutory standing. Each request requires the Court to apply the standards of Federal Rule of Civil Procedure 12(b)(6). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (motion to dismiss for "lack of statutory standing requires dismissal for failure to state a claim").

On a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

2

**B.      The Court Dismisses the TCPA Claim, With Leave to Amend.**

Williams alleges that T-Mobile violated 47 U.S.C. section 227(b)(1)(A)(iii).  In order to state a claim, Williams must allege: (1) that T-Mobile made a call using an "automatic dialing system or an artificial or prerecorded voice;" (2) to a telephone number assigned to a cellular telephone number or any service for which Williams is charged for the call; and (3) without Williams' consent.  *See Meyer v. Portfolio Recovery Systems, Inc.*, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b)(1)(A)(iii).[1]  T-Mobile argues that Williams fails to allege facts to satisfy the first element, and it suggests that Williams may not be able to establish the second element.

The TCPA defines an "automatic dialing system" as "equipment which has the capacity to – … to store or produce telephone numbers to be called, using a random or sequential number generator; and … to dial such numbers."  47 U.S.C. § 227(a)(1)(A)-(B).  Williams alleges that "the equipment used to place the calls to [her] has the capacity to: 1) store and call numbers without human intervention; and or 2) randomly or sequential [*sic*] generate numbers to be called and to call such numbers without human intervention."  (FAC ¶ 9.)  Standing alone, these allegations are no more than legal conclusions couched as fact.  *See, e.g., Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (stating that "it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential generator'").

Williams argues that her allegations that T-Mobile made a "barrage" of calls and that the "frequency and pattern of the calls" provide the necessary factual support to conclude that the calls were made with an automatic dialing system.  The Court disagrees.  In the *Kramer* case, the court found that the plaintiff had supplemented the otherwise conclusory allegations with allegations that described the "impersonal manner" of the messages, which were advertisements.  It also noted that the plaintiff had no other reason to be in contact with the defendants.  *Kramer*, 759 F. Supp.

---

[1] Williams does not allege that T-Mobile used an artificial or prerecorded voice to leave the messages at issue.

3

2d at 1171.  Similarly, another court within this district has found that an allegation of a "telltale pause" between the time the plaintiff answered a call and the time an agent began speaking was sufficient to support an inference that calls were made using an automated dialing system.  *Lofton v. Verizon Wireless (VAW) LLC,* No. 13-CV-5665-YGR, 2015 WL 1254681, at *5 No. 13-CV-5665-YGR, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015); *see also Kazemi v. Payless Shoesource, Inc.*, No. 09-CV-5142-MHP, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010) (finding plaintiff had included sufficient facts where text messages were described as being formatted in SMS code and scripted in an impersonal manner).

However, the *Lofton* court also found that allegations that the "volume of calls at issue would have necessitated a predictive dialing system" were insufficient to state a claim.  *Lofton,* 2015 WL 1254681, at *5.  The court concludes that those allegations are similar to Williams' allegations that the alleged "frequency and pattern" with which the calls were made show that T-Mobile used an automatic dialing system.  Without any underlying facts to support the nature of the calls or the frequency with which they were made, Williams has not alleged facts from which the Court could reasonably and plausibly infer that T-Mobile used an automated dialing system.  In addition, the allegations in the FAC also suggest that T-Mobile intended to call Williams, which undermines the allegations of a randomly or sequentially generated call.  *See, e.g., Flores v. Adir International, LLC*, No. 15-CV-00076-AB-(PLAx), 2015 WL 4340020, at *3-*5 (C.D. Cal. July 15, 2015).

Because the Court cannot find that Williams would be unable to cure these deficiencies, it will provide her one final opportunity to amend the TCPA Claim.  The Court notes that T-Mobile has attached an exhibit to its opposition that suggests the number T-Mobile called may be a residential number.  Although the Court has not relied on that exhibit to resolve the motion, if Williams chooses to amend her TCPA Claim, she must do so in good faith and consistent with her obligations under Federal Rule of Civil Procedure 11.

**C.     The RFDCPA Claim.**

Williams' remaining claim is premised on alleged violations the RFDCPA.  Williams asserts that the Court has supplemental jurisdiction over this claim.  *See* 28 U.S.C. § 1367.  The

Court reserves ruling on T-Mobile's motion to dismiss, and reserves ruling on whether it will exercise supplemental jurisdiction over that claim, until it is clear that Williams can state a federal claim.

**CONCLUSION**

Accordingly, for the foregoing reasons, the Court GRANTS T-Mobile's motion to dismiss the TCPA Claim, with leave to amend, and it reserves ruling on the RFDCPA Claim. If Williams chooses to amend, she shall file a second amended complaint by no later than November 6, 2015. T-Mobile's answer or other responsive pleading to that complaint shall be due by no later than December 4, 2015.

If Williams chooses not to amend the TCPA Claim and intends to pursue the RFDCPA Claim as alleged in the FAC, she shall file a statement to that effect by November 6, 2015. At that time, the Court shall issue an Order addressing whether or not it will exercise supplemental jurisdiction over the RFDCPA Claim or whether it will dismiss the claim without prejudice to re-filing in state court.

**IT IS SO ORDERED.**

Dated: October 14, 2015

JEFFREY S. WHITE
United States District Judge