UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE WILLIAMS,<br>    Plaintiff,<br>    v.<br>T-MOBILE USA, INC.,<br>    Defendant. | Case No.  15-cv-03384-JSW<br><br>**ORDER REMANDING ACTION**<br>Re: Docket No. 23 |

On October 14, 2015, the Court issued an Order granting Defendant T-Mobile USA, Inc.'s motion to dismiss Plaintiff's claim asserting violations of the Telephone Consumer Protection Act ("TCPA"), and it gave Plaintiff leave to amend that claim. The Court reserved ruling on Defendant's motion to dismiss Plaintiff's claim for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), until it determined whether Plaintiff could state a viable federal claim. (Docket No. 22.)

On November 6, 2015, Plaintiff filed her Second Amended Complaint ("SAC"). (Docket No. 23)  Because Plaintiff did not re-assert a federal claim and because Plaintiff did not alleged any facts demonstrating that the Court has diversity jurisdiction over the matter, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Plaintiff filed a timely reply on November 16, 2015, and urged the Court to remand, rather than dismiss, the case. The Court has dismissed the only federal claim and there are no facts demonstrating the Court has original jurisdiction over this matter. A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates

over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted). When "federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), superseded by statute, 28 U.S.C. § 1447(c); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (suggesting in dicta that "if federal claims are dismissed before trial, ... the state claims should be dismissed as well") (footnote omitted), superseded by statute, 28 U.S.C. § 1367.

It would be equally convenient for the parties to try the RFDCPA claim in state court, where Plaintiff originally filed that claim. The Court has expended minimal resources on this case. *Cf. Trustees of the Construction Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (finding an abuse of discretion where the district court ordered a dismissal of state law claims just seven days before trial and after long delays). Therefore, the Court concludes that the principles of comity, convenience, and judicial economy weigh against retaining supplemental jurisdiction in this case, and it declines to exercise jurisdiction over the RFDCPA Claim.

Accordingly, the Court REMANDS this action to the Superior Court of the State of California for the County of San Mateo. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 24, 2015

JEFFREY S. WHITE
United States District Judge